[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
The plaintiff, Med-Center Home Health Care, Inc. (Med-Center), is a non-profit corporation which provides home health care services to patients, some of whom are eligible for Medicaid benefit through the defendant Commissioner of the Department of Social Services (DSS). DSS administers the Medical program in Connecticut. DSS now moves to dismiss this appeal for lack of subject matter jurisdiction.
The facts are as follows. DSS paid the plaintiff for home health care services provided by the plaintiff to certain individuals, who were subsequently determined by DSS to be Medicare eligible.[1] DSS, having determined that it overpaid the plaintiff in excess of $200,000, withheld other payments due the plaintiff, in the amount of approximately $40,000.
Plaintiff requested administrative hearings for every individual beneficiary to challenge the recoupment of CT Page 3901 previously paid Medicaid benefits. DSS denied the request for any hearings related to this issue and the plaintiff appealed.
Plaintiff in this action asserts violations of rights under the Uniform Administrative Procedures Act (UAPA), General Statutes § 4-166, et seq., as well as violations of constitutional due process of law and violations of Medicaid law. It seeks as relief a reversal of the DSS recoupment decision, injunctive relief, attorney fees and other legal and equitable relief.
DSS moves to dismiss the administrative appeal on the basis that there is no statutory right to an administrative hearing because there was no DSS action resulting in a final decision in a contested case. The court finds that the plaintiff had no statutory right to a hearing, and dismisses the plaintiff's administrative appeal.[2]
"There is no absolute right to appeal to the courts from a decision of an administrative agency. . . . The UAPA grants the Superior Court jurisdiction over appeals of the agency decisions only in certain limited and well delineated circumstances." (Citations and internal quotation marks omitted.) Lewis v. Gaming Policy Board, 224 Conn. 693,699-700 (1993).
Section 4-183 provides the right to an administrative appeal to a "person who has exhausted all administrative remedies . . . and who is aggrieved by a final decision. . . ." General Statutes § 4-166 (3)(A) defines "final decision" as "the agency determination in a contested case." A "contested case" is a "proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determine by an agency after an opportunity for hearing or in which a hearing is in fact held." Section 4-166(2).
In Summit Hydropower Partnership v. Commission ofEnvironmental Protection, 226 Conn. 792 (1993), our Supreme Court affirmed that under § 4-183 the Superior Court lacks jurisdiction to hear an administrative appeal in the absence of a statutory provision requiring the agency to provide an opportunity for a hearing to determine a party's legal rights, duties or privileges. CT Page 3902
Connecticut has adopted a narrower definition of contested case than the Model Act or other states' versions of the UAPA. In 1973, Connecticut explicitly amended §4-166 (2) from "required by law" to "required by statute." (Public Act 1973, No. 73-620 § 2.) See, Lewis v. GamingPolicy Board, supra, 224 Conn. 706-07. The "required by law" standard would encompass hearings which were constitutionally as opposed to statutorily mandated. Lewisv. Gaming Policy Board, supra, recognized that UAPA review was not applicable to constitutional due process claims in the absence of statutory direction. "Deciding which class of cases qualify for UAPA review is a public policy determination primarily within the legislature's province."Id., 709.
The plaintiff relies on a statutory mandate § 17b-99
requiring DSS regulations for "vendor fraud penalties." It requires a hearing over eligibility for a person convicted of fraud in such programs. It does not address the recoupment issue for an entity like the plaintiff which is not even charged with fraud.
The plaintiff also refers to § 17-83K-4(b)(3) of the Regulations of Connecticut State Agencies which references a hearing. However, a statute not a regulation commands the hearing requirement for contested cases. Lewis v. GamingPolicy Board, 224 Conn. 706.
The plaintiff has failed to demonstrate its statutory right to a hearing on the issues related to the recoupment.
The motion to dismiss is granted and the plaintiff's administrative appeal is dismissed.
McWEENY, J.